United States District Court
Southern District of Texas
FILED

DEC 16 1999

Michael N. Milby
Clerk of Court

IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Brownsville Division

| | |
|---|---|
| ANTONIO ARGUELLES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | C.A. NO. B-99-199 |
| § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I.
### INTRODUCTION

1. Plaintiff demands a jury in this employment discrimination suit brought pursuant to Title VII of the Civil Rights Acts of 1964 and 1991, As Amended ("Title VII"). Plaintiff Antonio Arguelles is a male, and alleges employment discrimination (sexual harassment) based on gender (male), and retaliation. Plaintiff also alleges Defendant by and through its agents while acting under color of state law violated Plaintiff's federally protected civil rights, in violation of 42 United States Code Section 1983.

2. Plaintiff asserts as pendent claims, Plaintiff asserts claims for employment discrimination under the Texas fair employment practices statute, Chapter 21 of the Texas *Labor Code*; that Defendant retaliated against him affiliation with and membership in a public employee union which does not advocate the right to strike; and, as common law causes of action, Plaintiff also

alleges that Defendant subjected him to false imprisonment, assault, assault and battery, invasion of privacy, and intentional infliction of emotional distress.

II.

JURISDICTION

3. Prior to filing this case Plaintiff filed a timely charge of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC" or "Commission") (Exhibit A). Thereafter, the EEOC deferred the charge to the appropriate state authority, and in the course of such deferral, the charge was dual filed with the Texas Commission on Human Rights ("Texas Commission" or "state agency"). Plaintiff also filed appropriate internal complaints with the Defendant. On September 20, 1999 the United States Department of Justice issued to Plaintiff a *Notice of Right to Sue*, pursuant to which Plaintiff files this case (Exhibit C). All administrative and jurisdictional conditions precedent have been completed.

III.

PARTIES

4. Plaintiff Antonio Arguelles ("Plaintiff" or by name) resides in Brownsville, Cameron County, Texas. Plaintiff is a male Hispanic citizen of the United States. Plaintiff is and at all times relevant was an employee of the Defendant Brownsville Independent School District.

5. Defendant Brownsville Independent School District ("Defendant", "BISD", the "School District", or by name) is a governmental entity which is defined as an "employer" under the relevant statues. It is Plaintiff's best information and belief that at all times relevant the School District had more than 500 employees.

IV.

## SERVICE OF PROCESS

6.  Defendant Brownsville Independent School District can be served with summons by serving Mr. G. Wallace Jackson, Superintendent, Brownsville Independent School District, 1900 Price Road, Brownsville, TX 78521.

V.

## STATEMENT OF CLAIMS

7.  Plaintiff began work with the School District in 1993 as a security guard. Thereafter, Plaintiff was promoted to Production Technician (Level II), working in the District's television studio. Plaintiff's job includes shooting, editing and directing videos.

8.  During times within the applicable liability periods Plaintiff's female supervisor subjected Plaintiff to unwelcomed sexual advances, including touching Plaintiff's person without Plaintiff's consent, and in so doing restricted Plaintiff's freedom of movement at the workplace. Defendant also created a hostile, sexually charged work environment, in ways including, subjecting Plaintiff to requests for sex by his female supervisor, sexually explicit comments, and displaying an inappropriate partially nude representation of Plaintiff's likeness at the work place.

9.  In December 1998 Plaintiff filed a charge of employment discrimination with the EEOC (Exhibit A), alleging sexual harassment. Plaintiff also filed an internal grievance regarding the same matters. Plaintiff also joined the union for reasons including an effort to enlist the union's assistance.

10. In response to Plaintiff's complaints, Defendant conducted an investigation. Based on the investigation, Defendant concluded Plaintiff's "immediate supervisor ... to be responsible in

at least two instances of sexual harassment" and that the supervisor had failed to maintain an appropriate work environment. The female supervisor " . . . resigned before any disciplinary action could be taken." (Exhibit D).

11.  After Plaintiff asserted his rights under Title VII by engaging in protective activity, joined the union, and filed the internal grievance, Defendant subjected Plaintiff to retaliation in ways including subjecting him to increased scrutiny of his work activities, lower than previous performance evaluations, and docking his pay. Based on such unlawful conduct, Plaintiff filed an amended charge in April 1999 to add "retaliation" as a basis (Exhibit C).

12.  The Defendant School District by and through its agents acted both recklessly and intentionally to violate Plaintiff's rights under both state and federal law. Plaintiff alleges Defendant's conduct was extreme and outrageous, and caused injury to Plaintiff. Accordingly, Plaintiff seeks both compensatory and punitive damages in redress of such violations.

## VI.

## PRAYER

13.  WHEREFORE, Plaintiff prays upon final hearing herein the court award such relief as includes such as requested below.

14.  ORDER Defendant to cease and desist in violating Plaintiff's rights under state and federal law.

15.  ORDER Defendant to pay Plaintiff back pay and benefits.

16.  ORDER Defendant to purge Plaintiff's personnel file of any and all reference to matters upon which this case is based.

17.  ORDER Defendant to pay Plaintiff actual damages.

18. ORDER Defendant to pay Plaintiff both compensatory and punitive damages.

19. ORDER Defendant to pay Plaintiff reasonable attorney's fees, litigation expenses, and all costs of court.

20. ORDER Defendant to pay Plaintiff both pre-judgement and post judgement interest at the maximum rate allowed by law.

21. ORDER such other and further relief as is proper and just.

Respectfully submitted,

By: /s/ Dennis Sanchez
Dennis Sanchez
SBOT No. 17569600
SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
100 North Expressway
Brownsville, TX 78521-2284
(956) 546-3731 Telephone
(956) 546-3765 Telecopier

Attorney-in-Charge
For Plaintiff

David Horton
SBOT No. 10014500
NEEL & HORTON, L.L.P.
Post Office Box 2159
South Padre Island, TX 78597
(956) 761-6644 Telephone
(956) 761-7424 Telecopier

ATTORNEYS FOR PLAINTIFF
ANTONIO ARGUELLES