4

United States District Court
Southern District of Texas
FILED

JAN 10 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO ARGUELLES, *Plaintiff,* | § | |
| | § | |
| VS. | § | C.A. No. B-99-199 |
| | § | |
| BROWNSVILLE INDEPENDENT SCHOOL DISTRICT *Defendant.* | § | |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brownsville Independent School District ("BISD"), defendant in the above-entitled and numbered cause and files this its Original Answer to Plaintiff's Original Complaint and in support thereof, defendant would show this Honorable Court as follows:

I.

1. In paragraph 1, section I of Plaintiff's Original Complaint, defendant admits that plaintiff can request a jury trial pursuant to Title VII of the Civil Rights Acts; however, defendant specifically denies that plaintiff was discriminated against under any color of law or statutory authority which would constitute a violation of 42 U.S.C. § 1983 or any other statutory or common law authority.

2. Defendant specifically denies the allegation contained in paragraph 2, secion I of Plaintiff's Original Complaint.

3. In paragraph 3, section II of Plaintiff's Original Complaint, defendant states that it does not have sufficient information to admit or deny whether plaintiff has timely filed its complaints with the Equal Employment Opportunity Commission ("EEOC") or with the Texas

ClibPDF - www.fastio.com

Commission on Human Rights ("TCHR") or whether an appropriate right to sue letter was issued. Defendant denies the remaining allegations contained in this paragraph.

4. In paragraph 4, section III of Plaintiff's Original Complaint, defendant states that it does not have sufficient information to admit or deny that statements contained in this paragraph.

5. In paragraph 5, section III of Plaintiff's Original Complaint, defendant admits that the Brownsville Independent School District is a governmental entity located in Cameron County, Texas. Defendant does not have sufficient information to admit or deny the remainder of plaintiff's claims contained in this paragraph.

6. In paragraph 6, section IV of Plaintiff's Original Complaint, defendant admits the statement contained in this paragraph.

7. In paragraph 7, section V of Plaintiff's Original Complaint, defendant admits the statements contained in this paragraph.

8. In paragraph 8, section V of Plaintiff's Original Complaint, defendant denies the allegation set forth in this paragraph.

9. In paragraph 9, section V of Plaintiff's Original Complaint, defendant does not have sufficient information to admit or deny the statements set forth in this paragraph.

10. In paragraph 10, section V of Plaintiff's Original Complaint, defendant admits that they conducted an investigation. Defendant does not have sufficient information to admit or deny the remainder of the allegations set forth in this paragraph.

11. In paragraph 11, section V of Plaintiff's Original Complaint, defendant does not have sufficient information to admit or deny that plaintiff filed an amended charge of retaliation in April 1999. Defendant denies the remainder of plaintiff's allegations contained in this paragraph.

12. In paragraph 12, section V of Plaintiff's Original Complaint, defendant denies the

ClibPDF - www.fastio.com

allegations set forth in this paragraph.

13. In paragraph 13, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

14. In paragraph 14, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

15. In paragraph 15, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

16. In paragraph 16, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

17. In paragraph 17, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

18. In paragraph 18, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

19. In paragraph 19, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

20. In paragraph 20, section VI of Plaintiff's Original Complaint, defendant denies

ClibPDF - www.fastio.com

and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

21. In paragraph 21, section VI of Plaintiff's Original Complaint, defendant denies and/or does not have sufficient information to admit or deny the statements contained in this paragraph.

II.

***AFFIRMATIVE DEFENSES***

Local government units may not be held liable under 42 U.S.C. § 1983 on a theory of *respondent superior* for the actions of its employees. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397; 117 S.Ct. 13982, 1388 (1997); *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *Eugene v. Alief Independent School District,* 65 F.3d 1299 (5th Cir. 1995) *cert. denied*, 116 S. Ct. 1680 (1996). Similarly, supervisory officials may not be held vicariously liable under Section 1983 for the actions of their subordinates. *Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Any claims against individual Defendants in their official capacity will be treated as claims against the governmental entity involved, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). Accordingly, defendant BISD asserts that it is not liable under Section 1983 on a theory of *Respondent Superior* for the actions of its employees.

III.

Defendant possesses immunities both common law and statutory that negate some or all of plaintiff's allegations contained in Plaintiff's Original Complaint.

IV.

It is well settled that a school district is an agency of the state and while exercising

ClibPDF - www.fastio.com

governmental functions, it is not answerable for negligence in suits sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex 1978). The waiver of governmental liability provided for in the Texas Tort Claims Act in the case of school districts is restricted to causes of action arising from the use of motor vehicles. TEXAS CIVIL PRACTICE AND REMEDIES CODE, § 101.051. Defendant BISD is immune from the pendant state law claims brought by plaintiff under the Texas Tort Claims Act and is entitled to an award of judgment in its favor. It is well settled that a school district is an agency of the state and while exercising governmental functions, it is not answerable for negligence in suits sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex 1978). The waiver of governmental liability provided for in the Texas Tort Claims Act in the case of school districts is restricted to causes of action arising from the use of motor vehicles. TEXAS CIVIL PRACTICE AND REMEDIES CODE, § 101.051. Defendant BISD is immune from the pendant state law claims brought by Plaintiff under the Texas Tort Claims Act, and is entitled to an award of judgment in its favor. It is well settled that a school district is an agency of the state and while exercising governmental functions, it is not answerable for negligence in suits sounding in tort. *Barr v. Bernhard*, 562 S.W.2d 844 (Tex 1978). The waiver of governmental liability provided for in the Texas Tort Claims Act in the case of school districts is restricted to causes of action arising from the use of motor vehicles. TEXAS CIVIL PRACTICE AND REMEDIES CODE, § 101.051. Defendant BISD is immune from the pendant state law claims brought by plaintiff under the Texas Tort Claims Act or any act sounding through the Texas Tort Claims Act, and is entitled to an award of judgment in its favor.

V.

***<u>ATTORNEYS' FEES</u>***

Defendant is also entitled to costs and attorneys' fees pursuant to Section 11.161of Title 2

ClibPDF - www.fastio.com

of the Texas Education Code. Section 11.161 specifically states:

> In a civil suit brought under state law, against a school district or an officer or an independent school district acting under color of office, the court may award costs and reasonable attorney's fees if:
>
> 1. the court finds that the suit is frivolous, unreasonable and without foundation; and,
>
> 2. the suit is dismissed or judgment is for the defendant.

The law regarding governmental immunity for school districts against claims sounding in tort is quite clear in Texas. THE TEXAS CIVIL PRACTICE AND REMEDIES CODE, SECTION 101.051, specifically exempts school districts from the waiver of tort liability with the only exception being when a motor vehicle is involved. Equally clear is the case law relating to a school district's right to governmental immunity in tort actions. With the law so settled in this area, filing a tort action against a school district constitutes the filing of a claim that is frivolous, unreasonable and without foundation. Therefore, defendant is entitled to be awarded judgment with respect to plaintiff's pendant state law claims as well as costs and attorneys' fees.

**WHEREFORE**, defendant prays that plaintiff takes nothing by virtue of their suit and for such other relief as defendant may demonstrate to this honorable court that they are justly entitled to receive.

Respectfully submitted,

HENSLEE, FOWLER, HEPWORTH & SCHWARTZ, L.L.P.

J. Erik Nichols
SBN 00788119
Fed I.D. No. 13066
3200 Southwest Freeway, Suite 2355
Houston, Texas 77027-7526

ClibPDF - www.fastio.com

713/552-1693
713/552-1697 Fax

ATTORNEYS FOR DEFENDANT
BROWNSVILLE INDEPENDENT
SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Defendant's Original Answer to Plaintiff's Original Complaint was served under Rules 21 and 21a, Texas Rules of Civil Procedure, by facsimile, on this the 10th day of January, 2000, upon the following counsel-of-record:

Mr. Dennis Sanchez
Sanchez, Whittington, Janis &
Zabarte, L.L.P.
100 North Expressway
Brownsville, Texas 78521-2284
956/546-3731
956/546-3765 Fax

Mr. David Horton
Neel & Horton, L.L.P.
P.O. Box 2159
South Padre Island, Texas 78597
956/761-6644
956/761-7424 Fax
*Attorneys for Plaintiff*

J. Erik Nichols

ClibPDF - www.fastio.com