6

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

| ANTONIO ARGUELLES, | § | | |
|---|---|---|---|
| | § | | United States District Court |
| Plaintiff, | § | | Southern District of Texas |
| | § | | FILED |
| VS. | § | C.A. NO. B-99-199 | APR 2 7 2000 |
| | § | | |
| BROWNSVILLE INDEPENDENT | § | | Michael N. Milby |
| SCHOOL DISTRICT, | § | | Clerk of Court |
| | § | | |
| Defendant. | § | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## Under Rule 26(f)
## Federal Rules of Civil Procedure

COME NOW, Plaintiff and Defendant and file this Joint Discovery pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and would show the Court as follows

1. State where and when the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

   The time and place of the meeting of the parties required by Rule 26(f) was held on Thursday April 27, 2000 at 9:00 a.m. Present at the meeting were Dennis Sanchez, counsel for Plaintiff, and J. Erik Nichols, counsel for Defendant.

2. List of cases related to this one that are pending in any state or federal court with the case number and court:

   None

3. Specify the allegation of federal jurisdiction.

   Plaintiff has alleged employment discrimination (sexual harassment and retaliation) pursuant to Title VII of the Civil Rights Acts of 1964 and 1991. Plaintiff also alleges violation of Plaintiff's federally protected civil rights and violation of 42 USC § 1983.

4.  Name the parties who disagree and the reasons.

    None.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    None.

6.  List anticipated interventions

    None.

7.  Describe class action issues:

    None.

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a).

    Each party has made the required initial disclosures.

9.  Describe the proposed agreed discovery plan.

    The agreed discovery plan has previously been filed with this court, on April 25, 2000, and it is incorporated herein. The depositions of the expert witnesses will be completed on or before October 27, 2000.

10. If the parties are not agreed on a part of the discovery plan, describe the separate and views of each party:

    The parties are in agreement on the discovery plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None, other than the parties anticipate the exchange of interrogatories and requests for production of documents within the next ten (10) days.

12. State the date the planned discovery can reasonably be completed.

    October 27, 2000.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

    The parties agreed that they would undertake to mediate this case prior to completion of discovery. It is anticipated that the depositions of the key witnesses must first be taken.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties have agreed to undertake mediation on or before September 15, 2000.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    The parties have agreed to have the case mediated after preliminary discovery is completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are discussing the possibility of allowing this case to be tried before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    A jury demand was made at the time of the filing of the case.

18. Specify the number of hours it will take to present the evidence in this case.

    The anticipated testimony is expected to be for two and one-half days (approximately 20 hours), with four hours reserved for final arguments and charging the jury.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

20. List other motions pending.

    None.

21. Indicate other mattes peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

    Dennis Sanchez
    SBN: 17569600
    Fed. I.D. No. 1594
    Sanchez, Whittington, Janis & Zabarte, LLP
    100 North Expressway 83
    Brownsville, TX 78521-2284
    (956) 546-3731 - Telephone
    (956) 546-3765 - Fax

    David Horton
    SBN: 10014500
    NEEL & HORTON, L.L.P.
    Post Office Box 2159
    South Padre Island, TX 78597
    (956) 761-6644 - Telephone
    (956) 761-7424 - Fax

    *Attorneys for Plaintiff*

    J. Erik Nichols
    HENSLEE, FOWLER, HEPWORTH
    & SCHWARTZ, L.L.P.
    SBN: 00788119
    Fed. I.D. No. 13066
    3200 Southwest Freeway, Suite 2355
    Houston, Texas 77027-7526
    (713) 552-1693
    (713) 552-1697

    *Attorneys for Defendant*

Respectfully submitted,

_____
Dennis Sanchez, Attorney for Plaintiff

_____
J. Erik Nichols, Attorney for Defendant